UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. BROOKS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KELLY SANTORO, et al.,<br><br>　　　　Defendants. | 1:19-cv-00599-AWI-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER § 1983, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.　BACKGROUND**

　　James L. Brooks ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. On May 6, 2019, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 1.)

**II.　SCREENING REQUIREMENT**

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF COMPLAINT

Plaintiff is presently out of custody. The events at issue in the Complaint allegedly took place at North Kern State Prison (NKSP) in Delano, California, and at the California Rehabilitation Center (CRC) in Norco, California, when Plaintiff was incarcerated at these facilities in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Kelly Santoro (Warden, NKSP), Dr. Lee (Dentist, NKSP), Dr. Chow (Dentist, NKSP) and Dr. Thomas (Dentist, CRC) (collectively, "Defendants"). Plaintiff's allegations follow:

On July 13, 2018, at NKSP, defendant Dr. Lee extracted Plaintiff's upper right wisdom tooth. Throughout the procedure Dr. Lee joked around. The procedure was apparently difficult and took about 1 ½ hours. Dr. Lee broke pieces of the tooth and then aggressively dug out three separate roots. At the end of the extraction, Dr. Lee stuffed gauze in Plaintiff's mouth and hurriedly ushered him out while giving him vague instructions. Plaintiff was discharged with a

large open wound and he could hear a weird swooshing sound with every breath taken.

Several days later, on Tuesday, July 17, 2018, Plaintiff was summoned by defendant Dr. Chow, who attempted to fix the tooth or prevent further damage. She determined that Plaintiff had "dry socket" and administered anesthetic, partially filed down some of the exposed bone and installed sutures. (Comp., ECF No. 1 at 6:4.) Plaintiff was prescribed morphine and antibiotics for pain management. Two hours later the sutures came out because they had been installed after the swelling had dissipated. Plaintiff's medications expired on Friday and he was in severe pain. On Monday, Plaintiff again met with Dr. Chow who renewed the prescriptions, but again the medications ran out on Friday and Plaintiff had to wait from Friday through the weekend until the following Monday to renew the prescription. Plaintiff told Dr. Chow of these "weekend deprivations," but the same thing happened the weekends of August 4-5, and August 11-12. (Id. at 6:18.)

Another one of Plaintiff's teeth, on the left side, also needed medical attention for a cavity, but it could not be fixed until the right side was healed, per CDCR policies. On August 24, 2018, Plaintiff's tooth was treated, but because of the delay the tooth had to be extracted. This extraction was done by a specialist who used techniques that made Plaintiff more comfortable. This extraction made Plaintiff eligible for dentures.

For several weeks Plaintiff suffered pain as bone fragments came out through his wound. On October 15, 2018, defendant Dr. Chow administered anesthetic and extracted bone from one of his wounds.

On December 10, 2018, Plaintiff was transferred to CRC in Norco. On February 26, 2019, defendant Dr. Thomas evaluated Plaintiff using x-rays and examined his medical records. Dr. Thomas refused to provide the necessary dental care, which would have relieved Plaintiff from unnecessary pain and suffering, and stated to Plaintiff, "I am not getting involved with this mess!" From February 8, 2019, Plaintiff suffered pain which intensified through March 21, 2019.

On March 21, 2019, Dr. Bada administered an anesthetic and removed the bothersome bone fragments. However, Plaintiff has not yet received his much-needed dentures.

As relief, Plaintiff seeks compensatory damages, punitive damages, and costs of

suit.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles

the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Improper Venue for Claims Arising at CRC in Norco

A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391. The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406.

Plaintiff's claims arise from events occurring at KVSP in Delano, California and CRC in Norco, California. Plaintiff's claims arising out of events at KVSP are properly brought in this district. However, venue for Plaintiff's claims arising out of events at CRC is not proper in this district and those claims may not be pursued in this action.

Plaintiff shall be granted an opportunity to file an amended complaint in which he should omit any claims for relief arising out of events occurring at CRC. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If Plaintiff wishes to pursue the claims arising at CRC, he may file a new action in the Central District of California.

### B. Medical/Dental Claim – Eighth Amendment

"Dental care is one of the most important medical needs of inmates. Accordingly, the Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (internal citations and quotation omitted).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

In the current complaint Plaintiff fails to state a cognizable medical claim against any of the NKSP Defendants. He has not alleged specific facts showing that any of them knew that Plaintiff was at a substantial risk of serious harm to his health and yet ignored the risk or acted unreasonably, causing Plaintiff injury. Even assuming for the moment that Plaintiff may have stated enough facts to demonstrate a potential case of Medical malpractice, without more, this does not nearly rise to the higher standard of a constitutional violation. Plaintiff has not shown that the conduct of any of the Defendants rose to the level of deliberate indifference. Plaintiff alleges that he was denied referral to a specialist, but a mere difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.

Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in his claims discussed by the court. The state a valid section 1983 medical claim Plaintiff must supply more detailed factual allegations.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the Defendants for violating his constitutional or other federal rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Therefore, Plaintiff shall be granted leave to amend the complaint. The court will provide Plaintiff with thirty days to file a First Amended Complaint curing the deficiencies identified above. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

As discussed above, Plaintiff must omit any claims that arose at CRC in Narco from the

amended complaint, because venue for those claims is improper in this court. Plaintiff may proceed with those claims at the U.S. District Court for the Central District of California.

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved, or how implementation of the underground regulation caused violation of his rights.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after May 6, 2019, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on May 6, 2019, is DISMISSED for Plaintiff's failure to state a claim upon which relief may be granted, with leave to amend;
2. Venue is improper at this court for Plaintiff's claims that arose at CRC in Norco, California, and Plaintiff must omit those claims from his amended complaint;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies in the Complaint identified by the court;

5. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00599-AWI-GSA-PC; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 29, 2020**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE